THE HON. ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RICHARD MARSCHALL, ) <br> ) <br> Defendant. ) <br> ) <br> ) | No. CR 20-5270-RJB <br><br> CERTIFICATE OF COMPLIANCE UNDER LOCAL RULE 16 AND DEFENDANT'S MOTION TO COMPEL GRAND JURY CHARGES <br><br> **Noted for: October 16, 2020** |

The defendant, Richard Marschall, through counsel, moves for an order compelling the government to produce the grand jury instructions underlying his indictment because they are material to a motion to dismiss he intends to file with the Court. Specifically, the motion intends to attack the indictment for failing to allege a material element, the element of *mens rea*. This motion is made pursuant to Federal Rules of Criminal Procedure, Rule 6(e) and 16(a)(1)(E), and L.C.R. 16.

**I.  FACTS**

I, Mohammad Ali Hamoudi, hereby declare that the following is true and correct to the best of my knowledge.

Mr. Marschall was charged by complaint. Dkt. 1 (Complaint). In the complaint, as to Mr. Marschall's *mens rea,* the government alleged that Mr. Marschall *intentionally* and *knowingly* introduced, delivered, and caused the introduction and delivery for introduction into interstate commerce misbranded drugs, in violation of 18 U.S.C. §§ 331(a) and 333(a)(2). *Id.* (emphasis added).

CERTIFICATE OF COMPLIANCE
AND MOTION TO COMPEL
(*Richard Marschall*; CR20-5270-RJB) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

The Honorable Theresa S. Fricke held a preliminary hearing over three days and the parties filed numerous briefs and exhibits in support of their positions. Dkts. 15, 16, 18, 19, 20, 22, 24, 25, 28, 33-35.  In one of those briefs, the government took a different position on the issue of Mr. Marschall's *mens rea* stating that because Mr. Marschall is charged as a habitual offender, the government does not have to show that he "acted with the intent to defraud and mislead." Dkt. 22 (Government Memo), p. 8.

After Judge Fricke held that probable cause existed to move the case forward, the government indicted Mr. Marschall.  Dkt. 38 (Indictment).  The indictment on its face does not appear to allege that Mr. Marschall *intentionally* and *knowingly* introduced, delivered, and caused the introduction and delivery for introduction into interstate commerce misbranded drugs, in violation of 18 U.S.C. §§ 331(a) and 333(a)(2). *Id.* (emphasis added).  The indictment, however, does appear to define intent in the context of the definition for "drugs." *Id.,* p. 2.  It alleges that "intended use" in defining "drugs" means the "objective intent of the persons legally responsible for its labeling.  The intent was determined by such persons' expressions, or could be shown by the circumstances surrounding the distribution of the article."  *Id.*

Mr. Marschall, through counsel, communicated with the government to obtain the grand jury transcript to determine whether there was testimony or a finding by the grand jury as to whether Mr. Marschall *intentionally* and *knowingly* introduced, delivered, and caused the introduction and delivery for introduction into interstate commerce misbranded drugs, in violation of 18 U.S.C. §§ 331(a) and 333(a)(2). *Id.* (emphasis added).  The government disclosed grand jury testimony and an exhibit presented to the grand jury but did not disclose the grand jury instructions.  See Exhibit 1 (Grand Jury Material *under seal*).

Mr. Marschall, through counsel, met and conferred regarding the disclosure of the grand jury instructions.  Mr. Marschall stated to the government that the instructions are material to his case because he intends to allege that the indictment is constitutionally deficient since it does not appear to specifically allege that he *intentionally* and *knowingly* introduced misbranded drugs into interstate commerce.

CERTIFICATE OF COMPLIANCE
AND MOTION TO COMPEL
(*Richard Marschall*; CR20-5270-RJB) - 2

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

The government objected to disclosing them to Mr. Marschall. Mr. Marschall offered an alternative method of disclosure. He proposed disclosing the material only to the Court. The government objected to the alternative method. Finally, Mr. Marschall asked the government to verbally confirm whether or not they asked the jury to make a finding as to Mr. Marschall's *mens rea*. The government refused. Having met and conferred under local rule 16, this motion is ripe for review.

/s/ *Mohammad Ali Hamoudi*
Assistant Federal Public Defender
Attorney for Richard Marschall

## II.     ARGUMENT

Grand jury proceedings are required to be recorded by a court reporter or by a suitable recording device. Fed. R. Crim. P. 6(e)(1). "Unless the court orders otherwise, an attorney for the government will retain control of the recording, the reporter's notes, and any transcript prepared from those notes." Fed. R. Crim. P. 6(e)(1).

The Court may order disclosure of a grand jury transcript "preliminarily to or in connection with a judicial proceeding," or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(i) and (ii).

Disclosure should be ordered where the moving party has shown a "particularized need" to review the transcript. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979). A particularized need may be shown through the following three part test: (1) the material sought is "needed to avoid a possible injustice in another judicial proceeding," (2) "the need for disclosure is greater than the need for continued secrecy," and (3) the "request is structured to cover materials only so needed." *Id.* at 222; *see also United States v. Plummer*, 941 F.2d 799, 806 (9th Cir. 1991) (applying this three-part standard). "[A]s the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification." *Douglas Oil*, 441 U.S. at 223.

CERTIFICATE OF COMPLIANCE
AND MOTION TO COMPEL
(*Richard Marschall*; CR20-5270-RJB) - 3

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

This standard is "a highly flexible one, adaptable to different circumstances and sensitive to the fact that the requirements of secrecy are greater in some situations than in others." *United States v. John Doe, Inc. I*, 481 U.S. 102, 112 (1987). "When the defense shows a particularized need for grand jury transcripts that outweighs the need for secrecy, the trial judge's function is reduced to eliminating only extraneous material or issuing protective orders in unusual situations." *Plummer*, 941 F.2d at 806. Not all information somehow related to a grand jury proceeding is considered secret. *See United States v. Alter,* 482 F.2d 1016, 1029, n.12 (9th Cir. 1973)(asserting that a defendant "was entitled to know the content of the court's charges to the grand jury. The proceedings before the grand jury are secret, but not the ground rules by which the grand jury conducts those proceedings are not."). Grand jury instructions as opposed to testimony are less subject to secrecy because they give rise to constitutional challenges. *United States v. Navarro,* 408 F.3d 1184, 1187-88 (9th Cir. 2005)(en banc)(Court considered a defense claim that grand jury instructions violated the constitutional independent function of the grand jury).

Rule 16(a)(1)(E) requires the government to disclose, upon the defendant's request, all ". . . papers, documents, data . . . or copies or portions of any of these items, if the item is within the government's possession, custody, or control and . . . the item is material to preparing the defense." Rule 16(a)(1)(E) is not limited to trial defense preparation. Discovery related to a pretrial motions is also covered by this rule and therefore must be disclosed to the defense if the requested items are material to preparing the pre-trial litigation. *See, United States v. Soto-Zuniga*, 837 F.3d 992, 1000-01 (9th Cir. 2016). Challenges to the grand jury are pretrial motions that must be raised under Fed. R. Crim. P. 12, or they can be waived. *United States v. Collins,* 684 F.3d 873, 886 (9th Cir. 2012).

Mr. Marschall has a particularized need to inspect the grand jury instructions because it appears that he has been charged with a strict liability felony. Under developing law in the Supreme Court, this gives rise to a constitutional challenge to the indictment. *Rehaif v. United States*, 139 S.Ct. 2191 (2019). A particularized need also

CERTIFICATE OF COMPLIANCE
AND MOTION TO COMPEL
(*Richard Marschall*; CR20-5270-RJB) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

exists because this case presents a case of first impression. In *United States v. Watkins*, the Court held the government must prove materiality as an element of the offense when alleging "intent to defraud or mislead" under §333(a)(2). 278 F.3d 961 (9th Cir. 2002). The Court does not mention the other option under §333(a)(2)—"if any person commits such a violation after a conviction of him under this section has become final"—but acknowledges that 21 U.S.C. §331(a) imposes strict liability. *Id.* at 966. *Watkins* which was decided before *Rehaif* did not have occasion to address whether the government is required to allege *mens rea* when charging a defendant under 21 U.S.C. §331(a)(2) as a constitutional matter. The instructions, thus, are material under *Soto-Zuniga* because should the Court accept *Rehaif*'s premise for a habitual offender charged under 21 U.S.C. §331(a)(2)'s, the instructions would establish that *Rehaif* was violated because the government did not give the jury a *men rea* instruction in this case. Finally, as a practical matter, disclosure of the grand jury instructions is necessary for the Court's benefit given that this is an issue of first impression.

### III. CONCLUSION

For the reasons presented in this motion, the defense respectfully requests an order compelling the government to produce the grand jury charges to either Mr. Marschall or the Court under a protective order.

Dated this 8th day of October, 2020.

/s/ *Mohammad Ali Hamoudi*
Assistant Federal Public Defender
Attorney for Richard Marschall

CERTIFICATE OF COMPLIANCE
AND MOTION TO COMPEL
(*Richard Marschall*; CR20-5270-RJB) - 5

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**