THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR20-5270RJB |
| Plaintiff, | ) | |
| v. | ) | DEFENDANT'S TRIAL BRIEF |
| RICHARD MARSCHALL, | ) | |
| Defendant. | ) | |

Defendant Richard Marschall, through Assistant Federal Public Defenders Mohammad Ali Hamoudi and Gregory Geist, respectfully submits this Trial Brief.

## I.      Introduction

The local rules state that "[e]ach party shall serve and file a trial brief discussing matters of substantive law involved in the trial and important or unusual evidentiary matters at least ten days prior to the trial date." CrR 23.1. Mr. Marschall has endeavored to identify all issues relevant but to the extent the issues change, he reserves the right to bring new issues to the Court's attention.

## II.      The Government's Case-in-Chief and Related Evidentiary Issues

### A.  Mr. Marschall's Prior Convictions and the Thurston County Order

The government intends to admit in its case-in-chief evidence from Mr. Marschall's past. Dkt. 125, p. 1-2. In particular, the government intends to admit the fact that Mr. Marschall was convicted in 2011 and 2017 along with the conduct that underlies those convictions including statements he made on or about 2011 and 2017.

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

Id, p. 1-2. In addition, the government intends to admit evidence that an order from 2018 permanently enjoined the Defendant from practicing naturopathic medicine and representing himself to be a naturopath—including by using the titles "'Doctor', 'ND', 'naturopath'", or any similar title. Id., p. 2.

### a. Mr. Marschall Requests that the Court Bifurcate the Prior Convictions from the Government's Case-In-Chief

The government intends to admit evidence of Mr. Marschall's prior convictions to establish that "…the defendant committed the offense after a previous conviction of him under Title 21, Section 333(a)(2) had become final." Dkt. 124, p. 42 (Government Proposed Final Instruction 18); see id., p. 52 (Government Proposed Final Instruction 28); see also id., p. 7 (Preliminary Instruction 3). First, Mr. Marschall disputes that this is an element of the charged offense and has proposed an instruction requiring that the government prove, beyond a reasonable doubt, an intent to defraud and mislead. Assuming the Court disagrees with Mr. Marschall's proposal, he moves to bifurcate this element.

If the joinder of offenses in the indictment appears to prejudice a defendant, the court has the discretion to order separate trials of the counts or provide any other relief that justice requires. Fed. R. Crim. P. 14(a). The Ninth Circuit and no other circuit has directly addressed joinder issues in a case similar to Mr. Marschall's case. The Ninth Circuit has recognized that there is a significant risk of prejudice to a criminal defendant when a "Felon in Possession of a Firearm" charge is tried together with another felony charge. *United States v. Nguyen*, 88 F.3d 812, 815-816 (9th Cir. 1996) ("[T]he practice of consolidating 'Felon in Possession charges' without properly safeguarding the defendant from the prejudicial effect of introducing evidence of the prior felony with other unrelated felony charges is not looked upon with favor by this Circuit . . ."). The prejudicial effects discussed in *Nguyen* are applicable to Mr.

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1   Marschall's case – "i.e. convict the defendant because he is a 'bad guy' or convict

2   because 'he committed a crime before and probably did this one too.'" *Id.* Mr.

3   Marschall requests that the Court bifurcate the government's proposed fourth element

4   of the charged offense from their case-in-chief under Rule 14 and for the reasons set out

5   in *Nguyen*.

### b. Mr. Marschall Requests that the Court Exclude or Redact Some Evidence from the Thurston County Superior Court Permanent Injunction

8          The government's trial brief does not explain the relevance of the Thurston

9   County Superior Court permanent injunction but the government's proposed jury

10  instruction appears to do so. Dkt. 125, p. 2; Dkt. 124, p. 46 (Government Proposed

11  Instruction 22). It appears that the government seeks to admit the Thurston County

12  Superior Court order "[b]ecause the labeling of the Dynamic Duo products was false or

13  misleading in some particular [sic], in that it suggested that the defendant was a

14  naturopathic doctor by listing him as 'Rick Marschall N.D.'" Id. Mr. Marschall has

15  attached a copy of the permanent injunction for the Court's review. Defense Exhibit A-

16  28. Here, contrary to other positions taken by the government, it appears that the

17  government wants the jury instructed with a *mens rea* when it is asking the jury to make

18  a finding that "the labeling…was false or misleading…"

19         That observation aside, the injunction filed on April 20, 2018 contains a

20  procedural history that is the subject of Mr. Marschall's motion to bifurcate and Mr.

21  Marschall moves to exclude or redact that history. *Infra.*, p. 3. Mr. Marschall does not

22  object to the order itself being admitted in the government's case-in-chief.

23         On July 19, 2021, Mr. Marschall learned that the government intends to admit

24  the permanent injunction through a lawyer by the name of Mr. William Kellington. Dkt.

25  126, p. 2. Mr. Marschall will call the lawyer from the state who signed the permanent

26

DEFENDANT'S TRIAL BRIEF
(*United States v. Marschall*, CR20-5270RJB) - 3

injunction, Mr. Luke A. Eaton, to rebut testimony given by Mr. Kellington and to provide testimony in support of Mr. Marschall's entrapment by estoppel defense. Exhibit 5, (Eaton Interview).

### B.  Evidentiary Issues as to Statements Allegedly Made by Mr. and Ms. Marschall on Facebook

The government intends to admit, in its case-in-chief, statements allegedly made by Mr. Marschall on Facebook. Dkt. 125, p. 2-3. The government intends to also admit, in its case-in-chief, statements allegedly made by Ms. Marschall. Id.

To admit this evidence, the government must meet its burden for authentication regarding the Facebook evidence, which requires that the government provide sufficient evidence to "establish a connection between the proffered evidence and [Mr. Marschall]" and to permit "a reasonable juror [to] find in favor of authenticity." *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000) (internal quotation marks omitted); See Fed. R. Evid. 901(a). Assuming the government is able to meet this burden, the government has to then establish that the statements are relevant. Fed. R. Evid. 402. The test for relevance is not whether a particular fact is relevant to anybody in any context: it is whether the evidence "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The "action" are the allegations in the indictment. Dkt. 38. No such showing is made in the government's trial brief.

Assuming such a showing is made as to the alleged Facebook postings, because the statements are hearsay, Fed. R. Evid. 801(c), the government must establish that an exception to the hearsay rule applies before they are admitted.

One exception that the government indicates applies is that these statements are not hearsay. Dkt. 125, p. 10 ("Such statements by a defendant are not hearsay when

DEFENDANT'S TRIAL BRIEF
(*United States v. Marschall*, CR20-5270RJB) - 4

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

offered by the government against the speaker. Fed. R. Evid. 801(d)(2).") But the government must first establish to the Court *who made the statements* on Facebook.

Even if the government is able to establish who made the statements, statements attributed to Ms. Marschall constitute double hearsay. If the government is seeking to admit testimony through a witness (other than Ms. Marschall) regarding what Ms. Marschall represented on Facebook, and Ms. Marschall is representing on Facebook what Mr. Marschall told her, the proposed testimony would contain double hearsay. Under Fed. R. Evid. 805, hearsay within hearsay is admissible "if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." Id.

Ms. Marschall's statements are inadmissible under Fed. R. Evid. 801(d)(2)(D).

That provision makes admissible "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Id. This rule requires the Court to "undertake a fact-based inquiry applying common law principles of agency." *NLRB v. Friendly Cab Co., Inc*., 512 F.3d 1090, 1096 (9th Cir.2008). In applying the principles, the Court looks to the totality of the circumstances, but the "essential ingredient ... is the extent of control exercised by the employer." *Friendly Cab*, 512 F.3d at 1096 (internal quotation marks and citation omitted). The government cannot meet its burden under this rule because Ms. Marschall is not Mr. Marschall's employee and they are not in an agency relationship. Ms. Marschall happens to be Mr. Marschall's spouse and that partnership does not create an agency or employment relationship under Fed. R. Evid. 801(d)(2).

Ms. Marschall's statements are inadmissible under Fed. R. Evid. 801(d)(2)(E) against Mr. Marschall for several reasons. Dkt. 125, p. 16. The government states that Ms. Marschall is "an unindicted co-conspirator." Id. Mr. Marschall is not charged with

DEFENDANT'S TRIAL BRIEF
(*United States v. Marschall*, CR20-5270RJB) - 5

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

conspiracy to introduce a misbranded drug into interstate commerce. *Compare* Dkt. 38 (Indictment) *with* Exhibit 4 (*Caronia* Indictment).[1]

Indictments cannot be broadened by amendment, either literally or constructively, except by the grand jury. A constructive amendment occurs when the court or the government alters the charge in the indictment after the grand jury has issued it. *United States v. Adamson*, 291 F.3d 606, 614 (9th Cir. 2002). A variance occurs when the trial evidence "enabled the jury to base a finding of guilt on a fact other than the element stated in the indictment." *United States v. Bhagat*, 436 F.3d 1140, 1147 (9th Cir. 2006). Here, allowing the government to proceed against Mr. Marschall on a theory that he conspired with his wife to introduce misbranded drugs into interstate commerce will constructively amend the indictment and will result in an impermissible variance from the charges alleged in the indictment. Mr. Marschall lodges a Fifth Amendment objection on both these grounds.

Assuming the Court overrules Mr. Marschall's constitutional objections, he respectfully requests a hearing, outside the presence of the jury, under Fed. R. Evid. 104, before Ms. Marschall's statements are admitted against Mr. Marschall under Fed. R. Evid. 801(d)(2)(E). Mr. Marschall intends to challenge all statements that the government alleges fall under the "co-conspirator exception" to the general bar against the introduction of hearsay at trial. *Crawford v. Washington*, 541 U.S. 36 (2004). In addition, under Fed. R. Evid. 801(d)(2)(E), the government will not be able to show by a preponderance of the evidence that (1) a conspiracy existed to which Ms. Marschall and Mr. Marschall against whom the statement(s) are offered were sufficiently

---

[1] Mr. Marschall previously moved to compel disclosure of the grand jury charges, Dkt. 59, the government opposed, Dkt. 68, and the Court denied Mr. Marschall's request. Dkt. 73. Mr. Marschall moves to have the government disclose the charges to the Court for *ex parte* consideration to determine whether the grand jury was charged on a theory of conspiracy.

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

connected; (2) that the statements were made in furtherance of the same conspiracy; and

(3) that the statements were made during the course of the conspiracy prior to its

termination or withdrawal. *See Bourjaily v. United States*, 483 U.S. 171 (1987). "For

statements to be admissible under the co-conspirator exception, they must have been

intended to further the common objectives of the conspiracy." *Prosecution and Defense*

*of Criminal Conspiracy Cases*, §5.05[1] (Paul Marcus, ed. 2005). The focus of this

requirement is on the intent of the declarant in making the statement. "When inquiring

whether a statement was made "in furtherance of" a conspiracy, we do not focus on its

actual effect in advancing the goals of the conspiracy, but on the declarant's intent in

making the statement." *United States v. Nazemian*, 948 F.2d 522, 529 (9th Cir. 1991).

The "in furtherance of" requirement has been strictly construed in the Ninth Circuit. *Id.*

  The government also indicates that the hearsay statements are admissible for

non-hearsay purposes "…the government may offer out-of-court statements not to

prove the truth of the matters asserted, but merely to explain information possessed by,

and the subsequent actions of, the investigative agents, law enforcement officers, and

other witnesses." Dkt. 125, p. 11. One case cited by the government supports the

proposition that an investigator can testify to his own investigative action but cannot

testify as to the statement itself. *United States v. Mitchell,* 502 F.3d 931, 969 (9th Cir.

2007) ("A tribal investigator was permitted to explain why he went to an area near

where Mitchell's grandfather lived to confirm information that he had gotten from an

informant that the Slim vehicle was supposedly there at some point."). A competent

witness may testify that they made observations on Facebook leading them to contact

Mr. Marschall on or about March 30, 2020 but the witness cannot testify to the

statements contained on Facebook because the statements are hearsay for reasons

already explained.

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

Another case cited by the government involves a situation where, "the court allowed Zech to discuss a conversation that he had with Leroyer regarding an inquiry into the investment scheme by the States of Michigan…for the limited purpose of explaining what caused Zech to write the letter." *United States v. Munoz*, 233 F.3d 1117, 1134 (9th Cir. 2000); superseded by statute as stated in *U.S. v. Lloyd*, 807 F.3d 1128, 1165 (9th Cir. 2015). *Munoz*, which may no longer be good law, involved the situation of the testifying witness (who was not law enforcement) directly speaking to the declarant. Law enforcement in this case never spoke directly to Mr. Marschall or Ms. Marschall on Facebook.[2] Again, to the extent the government intends to admit the Facebook statements, they will also have to overcome hearsay and Confrontation Clause objection. *Crawford v. Washington*, 541 U.S. 36 (2004) (The Court held that cross-examination is required to admit prior testimonial statements of witnesses who do not testify at trial).[3]

### C. Evidentiary Issues with Ms. Karen Hogan's Testimony

The government intends to present testimony from Ms. Karen Hogan. It is alleged that Ms. Hogan lodged a complaint that "…the Defendant was peddling an unproven COVID-19 treatment despite having his naturopathy license revoked." Dkt. 125, p. 3. The factual basis for this assertion is a Facebook exchange between someone who appears to be Ms. Hogan, someone who appears to be Ms. Marschall, and another individual:

---

[2] The two out-of-court cases cited by the government predate *Crawford*. *United States v. Brown*, 923 F.2d 109, 111 (8th Cir. 1991) (allowing informant statement that was not confronted by the defendant); *United States v. Lowe*, 767 F.2d 1052, 1063-64 (4th Cir. 1985) (allowing third party statement that was not confronted).

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**



When asked about who she was attributing these statements to, Ms. Hogan replied "they":

From:       Karen Hogan  [Redacted]
Sent:       Tuesday, March 24, 2020 11:06 AM
To:         Langlie, Emily (USAWAW) <ELanglie@usa.doj.gov>
Cc:         Karen Hogan  [Redacted]
Subject:    Re: Rick Marschall, ND

The post was about Covid-19. I assume that is what they suggest it for.

   On Mar 24, 2020, at 11:05 AM, Langlie, Emily (USAWAW) <Emily.Langlie@usdoj.gov> wrote:

   Karen -- can you tell me what ailment she is claiming the Dynamic Duo can cure?

There are two interviews conducted with this individual dated June 5, 2020 and July 15, 2021 that are attached to this trial brief for the Court's consideration of evidentiary issues related to her testimony. Exhibit 2 (Hogan Interviews). In 2020, Ms. Hogan was interviewed after she complained to the government about this Facebook

posting. Id. Though Ms. Hogan can testify that she lodged a complaint, Ms. Hogan cannot testify as to the statements in the Facebook posting because they are hearsay. Fed. R. Evid. 801(c) and to the extent she can, she has to establish that is Mr. Marschall making these statements. Fed. R. Evid. 701.

In addition, it appears that Ms. Hogan is collecting this evidence at the direction of a government agent, i.e., Ms. Emilie Langlie. To the extent this is the case, the statement cannot be admitted because it would violate the Confrontation Clause. *Crawford v. Washington*, 541 U.S. 36 (2004). As the government's trial brief indicates, the correspondences and interviews took place after the complaint was lodged by Ms. Hogan and the statements were not made during an emergency 911 call. *Davis v. Washington*, 547 U.S. 813 (2006) (Statements by victims and witness describing the defendant's conduct, made to police after the investigation has begun, are testimonial.)

Ms. Hogan also cannot testify to the following statements written in the report because, under Fed. R. Evid. 701, the statements are not rationally based on Ms. Hogan's perception or helpful to clearly understanding the witness's testimony or to determining a fact in issue:

- RICK MARSCHALL is putting this treatment/cure out there as a professional;
- The treatment/cure is not cheap, and appeared to be "kind of snake oil;"
- HOGAN believed that ROSE and RICK MARSCHALL have a simplistic understanding to viruses when this is a complex problem;
- ROSE and RICK MARSCHALL do not understand that COVID-19 is not like the flu.

Exhibit 2- Hogan Interviews.

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1    The above cited statements are also not relevant to Mr. Marschall's "action,"

2    Fed. R. Evid. 401, and to the extent they are relevant, the probative value of the

3    statements are substantially outweighed by the danger of prejudice, confusing the

4    issues, and misleading the jury. Fed. R. Evid. 403. Mr. Marschall also objects to Ms.

5    Hogan's closing statement in the 2020 interview about Ms. Marschall believing that

6    facemasks are not needed for the same reasons outlined above.

7    The interview from 2021 with Ms. Hogan also suffers from similar problems

8    because Ms. Hogan appears to be attributing statements made by Ms. Marschall to Mr.

9    Marschall, "MARSCHALLs might be giving the impression that COVID-19 was not

10   dangerous," "MARSCHALLs were saying it was not a big deal," "if people followed

11   the MARSCHALLs advice they may get sick." These attribution statements are

12   objectionable under the rules of evidence. See Fed. R. Evid. 401; 403; 701; 801. Mr.

13   Marschall, not Ms. Marschall is on trial. The government must satisfy the rules and the

14   Confrontation Clause's requirements of evidence before admitting this evidence against

15   Mr. Marschall.

16   Ms. Hogan may not testify about Mr. Marschall treating her husband on or about

17   2014 or 2015. Mr. Marschall objects to any testimony about events that took place six

18   to seven years ago because they are not relevant to the charged offense, Fed. R. Evid.

19   401, and to the extent they are relevant, Mr. Marschall objects on grounds that this is

20   impermissible character evidence. Fed. R. 404(a). Moreover, this conduct may be the

21   subject of Mr. Marschall's prior court dealings which he has moved to bifurcate and

22   exclude from the government's case-in-chief. *See Infra,* p. 3-5.[4]

23

24   [4] Mr. Marschall observes that under Fed. R. 404(b), the government must: A) provide
     reasonable notice of any such evidence that the prosecutor intends to offer at trial, so
25   that the defendant has a fair opportunity to meet it (B) articulate in the notice the
     permitted purpose for which the prosecutor intends to offer the evidence and the
26

DEFENDANT'S TRIAL BRIEF
(*United States v. Marschall*, CR20-5270RJB) - 11

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

### D.  Evidentiary Issues with Mr. Steve Koehler

Like Ms. Hogan, the government intends to elicit testimony from Mr. Steve Koehler because he too allegedly lodged a complaint that "…the Defendant was peddling an unproven COVID-19 treatment despite having his naturopathy license revoked." Dkt. 125, p. 3.

Mr. Koehler was interviewed on June 5, 2020. Exhibit 2 (Koehler Interview). He reported no such thing in the interview. His complaints appear to be directed at Ms. Marschall. The Court should exclude his testimony as irrelevant since Mr. Marschall is on trial (not Ms. Marschall), FRE Rule 401, to the extent he intends to testify about Facebook statements those statements are hearsay, FRE Rule 801(c), and admission of the statements will violate the Confrontation Clause. *Crawford v. Washington*, 541 U.S. 36 (2004); *Davis v. Washington*, 547 U.S. 813 (2006).

The factual basis for this assertion appears to be a Facebook image copied and pasted into an e-mail sent to the government by Mr. Koehler:

---

reasoning that supports the purpose; and (C) do so in writing before trial — or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

No such notice has been given to Mr. Marschall as to this evidence.

DEFENDANT'S TRIAL BRIEF
(*United States v. Marschall*, CR20-5270RJB) - 12

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

> From: steve@s███ Redacted ███ Redacted ███
> **Sent:** Tuesday, March 24, 2020 11:56 AM
> **To:** Langlie, Emily (USAWAW) ███ Redacted ███
> **Subject:** FYI
>
> FYI—Referencing: https://www.justice.gov/usao-wdwa/pr/port-angeles-naturopath-sentence
> distributing-hormone-drug-weight-loss?fbclid=IwAR3kiIf6N30bCLU6PfMqk0Se8yqC3AvNpf5d
> 7UDIovE-k
>
> looks like he is still at it:
>
> > The World Health Organization warned the U.S. that we could be the next
> > "epicenter" of the COVID-19 pandemic. EPICENTER! It means hundreds of
> > thousands, even millions could get sick and many, many would die! So far,
> > the U.S. has 46,000 confirmed cases and 582 people have died. It is
> > running out of control, a disease so virulent that Washington State Gov. Jay
> > Inslee issued a "stay-at-home" order like California and New York. The
> > nation's e... See More
> >
> > 👍😢😠 16                        13 Comments  3 Shares
> >
> > 👍 Like         💬 Comment         ➤ Share
> >
> > Rose Marschall Tim....there are two products that may be able to
> > stop this. Call and talk to Rick about what we are calling the
> > Dynamic Duo: 360-460-9817.
> > Like · Reply · 4h                                    😠 1
>
> Steve

In the e-mail he states "looks like he is still at it…," in reference to the same statement attributed by Ms. Hogan to Ms. Marschall. The government cannot move this evidence into the record as an exhibit unless it is properly authenticated and satisfies Fed. R. Evid. 401; 403; 701; 801; and the Confrontation Clause.

### E.  Mr. Marschall's Statements

"The government intends to offer into evidence excerpts of the Defendant's Facebook posts, written materials, and recorded telephone conversations." Dkt. 125, p. 10. Specifically, the government intends to admit statements made by Mr. Marschall that are recorded. Dkt. 24-2 (Transcripts). It appears from the government's trial brief that the government intends to admit some of the statements (bolding and italicizing

1   them to the jury) while not admitting these statements in their entirety. Dkt. 125, p. 3-5.

2   The government intends to do the same with written materials purported to belong to

3   Mr. Marschall and Facebook posts. But the government must establish the relevance of

4   these statements and how these statements apply to a rule the government has proposed

5   as a jury instruction. Fed. R. Evid. 401. In various filings, the government has

6   repeatedly taken the position that this case is not about Mr. Marschall's speech or his

7   intent with respect to the words that he used on the telephone, in writing, and on his

8   website. Assuming the government establishes the relevance of these statements, Mr.

9   Marschall gets to admit statements the government chooses not to admit as non-hearsay

10  to rebut the government's case-in-chief that Mr. Marschall shipped misbranded drugs

11  across state lines.

12          In addition to being admissible non-hearsay, these statements are admissible

13  under the rule of completeness. If any writing is admitted, the rule of completeness

14  demands that Mr. Marschall be able to admit those portions which give the fact finder a

15  full understanding of the events. *United States v. Lopez*, ___F.4th-___, 19-10017, 2021

16  WL 2795426, at *4 (9th Cir. July 6, 2021) ("the rule of completeness . . . renders

17  additional portions of a complete document or recording relevant when the opposing

18  party distorts the meaning of the document or recording by introducing misleading

19  excerpts into evidence"); Fed. R. Evid. 106. While "Rule 106 does not obligate a

20  district court to grant a party's motion to introduce an entire document or recording to

21  correct the misleading impression created by the opposing party's partial introduction,"

22  the court cannot admit "portions of a document or recording that risk[] misleading the

23  jury while foreclosing the admission of any additional portions of the same document or

24  recording." *Lopez*, 19-10017, at *16–17. The "rule of completeness codified in Rule

25  106 renders additional portions of a complete document or recording relevant when the

26

opposing party distorts the meaning of the document or recording by introducing misleading excerpts into evidence." *Id.* at *11 (citing *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996)).

The government's trial brief makes clear that they intend to present some of Mr. Marschall's words to the jury to argue to them that he is guilty of the charged offense. In doing so they are inviting constitutional error. *United States v. Caronia*, 703 F.3d 149, 161 (2nd Cir. 2012) (overturning conviction for misbranding because, "…the government's summation and the district court's instruction left the jury to understand that Caronia's speech was itself the proscribed conduct.") The government's trial brief has offered no safeguard or solution to this problem. The safeguard or solution to this problem is excluding all of Mr. Marschall's statements in their entirety or admitting all of them and instructing the jury with the Mr. Marschall's proposed instruction on *mens rea* and the First Amendment.

## III.   Mr. Marschall's Defenses

When the government rests its case, Mr. Marschall will move for a judgement of acquittal. See Fed. R. Crim. P. 29. Generally, the defendant has the right to remain silent and never has to prove innocence or present any evidence. U.S. Const. amend. V. In the event the Court denies his motion, Mr. Marschall may, consistent with the rules of evidence, put on evidence that places into doubt the government's case-in-chief, evidence that will support an entrapment by estoppel defense, and evidence in support of a First Amendment defense. In the event he does put on a defense, he agrees that his defense would open the door to his prior convictions.

"Whether grounded in the Sixth Amendment's guarantee of compulsory process or in the more general Fifth Amendment guarantee of due process, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete

DEFENDANT'S TRIAL BRIEF
(*United States v. Marschall*, CR20-5270RJB) - 15

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

defense." *United States v. Brown*, 859 F.3d 730, 733 (9th Cir. 2017) (quoting *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010). "Where there is some evidence… that the purpose of the speaker or the tendency of his words are directed to the ideas or consequences remote from the commission of the criminal act, a defense based on the First Amendment is a legitimate matter for the jury's consideration." *United States v. Freeman*, 761 F.2d 549, 552 (9th Cir. 1985). Entrapment defenses can be raised by the defendant directly, or "he can point to such evidence in the government's case-in-chief, or extract it from cross-examination of the government's witnesses." *United States v. Poehlman*, 217 F.3d 692, 698 (9th Cir. 2000). An entrapment by estoppel defense has four elements: (1) a federal official empowered to render the claimed erroneous advice, (2) the federal official had been made aware of all the relevant historical facts, (3) the federal official affirmatively told the defendant the proscribed conduct was permissible, (4) the defendant relied on the false information, and (5) the reliance was objectively reasonable. Ninth Circuit Model Instruction, 6.2B (Approved 4/2019).

Mr. Marschall may present lay testimony from Laura Roberts, Ben Evridge, Stephen Landess, Gayle Baker, Maria Grotjahn, Harvey Kailin, Martin Shaw, George Lindamood, Annette Lindamood, Brian Berardo, Michael Gerber, Marny Kittredge, Elliot Cohen, David Boone, Mariann Leone, Thomas Marschall, Bessi Washington, Hope Fay, Mary Cooper, and Ken Morris. Should these individuals testify, they will provide fact testimony regarding communications with and purchase of supplements from Mr. Marschall. Should any of these witnesses testify, their statements will be disclosed to the government. *See* Fed. R. Cr. P. 26.2.

On June 21, 2021, Mr. Marschall noticed Eric Yarnell N.D. as an expert to the government. The government raised no notice objections under Rule 16(b)(1)(C) until

on or about July 19, 2021. Dkt. 123.[5] Dr. Yarnell intends to testify that the two supplements, referred to as the Dynamic Duo, help to boost the immune system and that a strong immune system helps decrease negative outcomes associated with viruses.

In support of his defense for entrapment by estoppel, Mr. Marschall intends to present testimony from Assistant United States Attorneys Todd Greenberg and Andrew Friedman, former Assistant United States Attorney Matthew Diggs, and Special Agent Angela Zigler. In addition, Mr. Marschall will call Mr. Luke Eaton who worked with, in conjunction with, or with the assistance of the federal government officials in securing the injunction against Mr. Marschall in April 2018.

Mr. Greenberg will testify that he was an Assistant United Attorney on or about 2011 in the Western District of Washington. He will testify that he made legal and factual representations in a charging document he signed on April 22, 2011 charging Mr. Marschall with the same crime he has been charged with in this case. Mr. Greenberg will testify that he represented to Mr. Marschall that a violation for misbranding drugs requires the government to show that he did so with the intent to defraud and mislead and that he made those representations with respect to a drug called Human Chorionic Gonadotropin (HCG).

Mr. Greenberg will also testify that on May 9, 2011 he made legal and factual representations in a plea agreement his office entered into with Mr. Marschall. He will testify that he specifically informed Mr. Marschall in that document that the elements of the offense of Causing Introduction of Misbranded Drugs are as follows: the Defendant knowingly caused the introduction into interstate commerce of certain drugs; the drugs were misbranded; and the Defendant caused the introduction with the intent to device.

---

[5] Mr. Marschall will formally respond to the government's motion seeking to exclude Dr. Yarnell in a separate motion.

DEFENDANT'S TRIAL BRIEF
(*United States v. Marschall*, CR20-5270RJB) - 17

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

He will testify that he made those representations with respect to a drug called Human Chorionic Gonadotropin (HCG).

Mr. Friedman will testify that he too worked as an Assistant United States Attorney in the Western District of Washington in 2011 when Mr. Greenberg worked there. He will testify that he made legal and factual representations in a charging document he signed on June 20, 2017 with respect to Mr. Marschall. Mr. Friedman will testify that he represented to Mr. Marschall in that document that a violation for misbranding drugs (the same offense charged in this case) requires the government to show that he did so with the intent to defraud and mislead. He will testify that he made those representations with respect to a drug called Human Chorionic Gonadotropin (HCG).

Mr. Friedman will also testify that on July 6, 2017 he made legal and factual representations in a plea agreement his office entered into with Mr. Marschall for the same charges he has been charged with in this case. In the document that Mr. Friedman signed, he represented to Mr. Marschall that the elements of the offense of Causing Introduction of Misbranded Drugs are as follows: the Defendant knowingly caused the introduction into interstate commerce of certain drugs; the drugs were misbranded; and the defendant caused the introduction of misbranded drugs after a previous conviction for the same offense. He will testify that he made those representations with respect to a drug called Human Chorionic Gonadotropin (HCG).

Former Assistant United States Attorney Matthew Diggs will also be called to testify in support of this defense. He will testify that he informed Mr. Marschall during an arraignment and change of plea of the elements in the charging document dated June 20, 2017 and the elements as described in the plea agreement signed on July 6, 2017. He too signed the same documents Mr. Friedman signed.

DEFENDANT'S TRIAL BRIEF
(*United States v. Marschall*, CR20-5270RJB) - 18

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1   Ms. Ziegler will testify that she is an agent with years of training and experience

2   at the Food Drug Administration. She will testify that the FDA regulates the drug and

3   food industry by publishing regulations for the public.

4   Mr. Marschall's proffer of the facts, should they be admitted, satisfies the

5   evidentiary threshold required for the jury to consider his entrapment by estoppel

6   defense. The Ninth Circuit has held that the entrapment by estoppel defense is very

7   similar to the public authority defense, and the preponderance standard applies to the

8   public authority defense. *See, e.g., United States v. Doe*, 705 F.3d 1134, 1146 (9th Cir.

9   2013) (holding that defendant had burden of proving public authority defense by

10   preponderance of the evidence because defense did not serve to negate any elements of

11   charged offenses); *United States v. Burrows*, 36 F.3d 875, 882 (9th Cir. 1994) ("The

12   difference between the entrapment by estoppel defense and the public authority defense

13   is not great."). The preponderance standard is less than the probable cause standard.

14   "Although a mere 'hunch' does not create reasonable suspicion, the level of suspicion

15   the standard requires is considerably less than proof of wrongdoing by a preponderance

16   of the evidence, and obviously less than is necessary for probable cause." *Kansas v.

17   Glover*, 140 S.Ct. 1183, 1187 (2020).

18   DATED this 21st day of July, 2021.

19                                                   Respectfully submitted,

20                                                   s/ *Mohammad Hamoudi*
21                                                   s/ *Gregory Geist*
                                                     Assistant Federal Public Defenders
22                                                   Attorneys for Richard Marschall

23

24

25

26

DEFENDANT'S TRIAL BRIEF
(*United States v. Marschall*, CR20-5270RJB) - 19