UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>RICHARD MARSCHALL,<br><br>                    Defendant. | CASE NO. CR20-5270RJB<br><br>ORDER REGARDING GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE ENTRAPMENT BY ESTOPPPEL DEFENSE AND TESTIMONY FROM CURRENT AND FORMER GOVERNMENT ATTORNEYS |

THIS MATTER comes before the Court on the above-referenced motion (Dkt. 136). The Court is familiar with the records and files herein, including Defendant's response to the motion (Dkt. 142).

Evidence of what happened years ago in two different prosecutions does not appear to the Court to be relevant and will not be admitted. What Defendant may have learned from earlier prosecutions is simply not relevant. What is at issue in this motion is what happened regarding the current charges, and at this point, the Court is not aware of any admissible evidence that an authorized government official, empowered to render the claimed erroneous advice, did so; there is no evidence that the government official was made aware of all the relevant historical facts, including what is charged in this case particular indictment; nor is the Court aware of any

evidence that the government official affirmatively told the Defendant that the proscribed conduct was permissible or would require proof of different elements; nor is there evidence known to the Court (and, if any, known only to the Defendant) of some reasonable reliance on false information.  What happened years ago in separate prosecutions is simply not relevant to this case.  While it appears unlikely that the defense has evidence to support the entrapment by estoppel defense, it appears premature to exclude it until the Court has the opportunity to hear all of the admissible evidence, if any, on that issue.

The Court has, in another order, requested that the defense be prepared to make oral offers of proof regarding the testimony of current and former government attorneys (see Dkt. 149).  Hopefully, we can hear those offers of proof on the first day of trial while we are not engaged in voir dire.  The Court declines to quash the subpoenas for past and current government lawyers until the Court has heard the offers of proof regarding what the current and former government attorneys might testify to.

The Court is concerned about the evidence to be offered in this case on many subjects, and on what the jury instructions should be.  Those matters will have to be resolved at trial.  For the foregoing reasons, the motion before the Court is GRANTED IN PART and DENIED IN PART as stated above.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 28th day of July, 2021.

ROBERT J. BRYAN
United States District Judge

ORDER REGARDING GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE ENTRAPMENT BY ESTOPPPEL DEFENSE AND TESTIMONY FROM CURRENT AND FORMER GOVERNMENT ATTORNEYS - 2