THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR20-5270RJB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MOTION FOR A JUDGMENT OF ACQUITTAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 29(a) |
| RICHARD MARSCHALL, | ) | |
| Defendant. | ) | |

The Court should grant this motion for a judgment of acquittal because the government has failed to produce evidence from which the jury could reasonably find Mr. Marschall guilty beyond a reasonable doubt of each element of the crimes alleged in the indictment. Specifically, the government cannot establish that Mr. Marschall's uncorroborated statements are enough on their own to sustain a conviction under either 21 U.S.C. § 331(a) or 21 U.S.C. § 333(a)(2). Because the government has not provided tangible evidence to corroborate Mr. Marschall's extrajudicial statements, their case suffers from a fatal *corpus delicti* problem.  The government never established what the two products contain.  Stated differently, there is no evidence establishing what the containers contain because no one bothered to open the two items shipped.  Failure to grant this motion will violate Mr. Marschall's First Amendment rights.

//

//

//

MOTION FOR A JUDGMENT OF ACQUITTAL
(*Richard Marschall*, CR20-5270RJB) - 1

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1     **I.    FACTS**

2         For the purposes of this motion, the defendant, Mr. Marschall, relies on the

3  evidence as presented during the government's case-in-chief.

4     **II.   ARGUMENT**

5         Under Federal Rule of Criminal Procedure 29, "the court on the defendant's

6  motion must enter a judgment of acquittal of any offense for which the evidence is

7  insufficient to sustain a conviction." The *corpus delicti* doctrine requires that the

8  government's case rely on more than uncorroborated confessions to sustain a

9  conviction. See *Opper v. United States*, 348 U.S. 84, 89 (1954). The government must

10  do two things to meet their burden under this doctrine: (1) the government "must

11  introduce sufficient evidence to establish that the criminal conduct at the core of the

12  offense has occurred" and (2) the government "must introduce independent evidence

13  tending to establish the trustworthiness of the admissions, unless the confession is, by

14  virtue of special circumstances, inherently reliable." *United States v. Lopez-Alvarez*,

15  970 F.2d 583, 592 (9th Cir. 1992).

16         In Mr. Marschall's case, the government never sufficiently established that any

17  criminal conduct took place. The government merely pointed to Mr. Marschall's

18  confessions and suggested that these extrajudicial statements alone sustain his

19  conviction. The government's failure to independently corroborate Mr. Marschall's

20  extrajudicial statements has two implications for this case: (A) Mr. Marschall's motion

21  for a judgment of acquittal should be granted because the government cannot satisfy the

22  first prong of the *corpus delicti* test; the government has failed to introduce independent

23  evidence to establish that Mr. Marschall introduced drugs in interstate commerce and

24  (B) the government's exclusive reliance on Mr. Marschall's statements to sustain a

25  conviction makes this a prosecution about speech. Mr. Marschall's speech itself has

26  been wrongly characterized by the government as *malum prohibitum*. Stated

MOTION FOR A JUDGMENT OF ACQUITTAL
(*Richard Marschall*, CR20-5270RJB) - 2

1  differently, speech (either in writing or orally) cannot be *malum prohibitum* because as

2  that doctrine is understood by Mr. Marschall it would mean that his speech (either in

3  writing or orally) so seriously harms the public that 21 U.S.C. § 331(a) or 21 U.S.C.

4  § 333(a)(2) were designed by the legislature to strictly criminalize his words. *United*

5  *States v. Caronia*, 703 F.3d 149, 161 (2nd Cir. 2012) (overturning conviction for

6  misbranding because, "…the government's summation and the district court's

7  instruction left the jury to understand that Caronia's speech was itself the proscribed

8  conduct.").

9  **A. The government has failed to produce evidence, beyond Mr. Marschall's**
10  **own extrajudicial statements, to establish that any criminal conduct**
    **occurred.**

11  The *corpus delicti* doctrine requires that the prosecution "support independently

12  only the gravamen of the offense—the existence of the injury that forms the core of the

13  offense and a link to a criminal actor—with ***tangible*** evidence." *United States v. Lopez-*

14  *Alvarez*, 970 F.2d 583, 591 (9th Cir. 1992) (emphasis added); *see also Smith v. United*

15  *States*, 348 U.S. 147, 156 (1954) (noting that, to satisfy the *corpus delicti* doctrine,

16  there must be "substantial independent evidence that the offense has been committed"

17  beyond the defendant's uncorroborated confession alone).

18  The nature of the independent evidence required to show that an offense has

19  been committed will differ depending on the nature of the criminal charges. *Compare*

20  *Cutchlow v. United States*, 301 F.2d 295, 297 (9th Cir. 1962) (holding that the *corpus*

21  *delicti* of a drug transport and concealment charge was established when heroin was

22  thrown out of a house window as officers approached), *and Henry v. United States*, 186

23  F.2d 521, 522 (9th Cir. 1951) (finding corroboration and that *corpus delicti* was proven

24  in a case involving the purchase of drugs not in their original stamped packaging

25  because of "the finding of narcotic drugs on the premises without the necessary tax paid

26  stamps"), *with Wong Sun v. United States*, 371 U.S. 471 n.15 (1963) ("A notable

MOTION FOR A JUDGMENT OF ACQUITTAL
(*Richard Marschall*, CR20-5270RJB) - 3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1   example is the principle that an admission of homicide must be corroborated by

2   tangible evidence of the death of the supposed victim.").

3          In Mr. Marschall's case, the government has not introduced sufficient evidence

4   corroborating his statements to establish that the criminal conduct at the core of the

5   charged offense has occurred. The government is prosecuting Mr. Marschall for

6   introducing into interstate commerce a drug that was misbranded. *See* 21 U.S.C.

7   § 331(a). Thus, the core of the offense is that there was something that was a drug – a

8   tangible object – that was shipped in interstate commerce. The government's case,

9   however, relies entirely on the combination of Mr. Marschall's statements and evidence

10  derived from the outside of plastic pill bottles. There is no indication that the

11  government ever opened these bottles. There is no evidence that these bottles contained

12  anything at all. The jury has no reason to believe that these bottles contain anything

13  more than air. Thus, the government has attempted to sustain a conviction by pointing

14  to bottles and claiming that Mr. Marschall's extrajudicial statements alone amount to a

15  violation of 21 U.S.C. § 331(a).

16         The unknown and potentially nonexistent contents of a plastic bottle that the

17  government never opened cannot sustain a conviction for introducing misbranded drugs

18  into interstate commerce. Having failed to establish through tangible evidence that any

19  criminal conduct occurred, the government relies instead on what *corpus delicti*

20  doctrine indicates that they cannot exclusively rely on to sustain a conviction – Mr.

21  Marschall's uncorroborated, extrajudicial statements. Because the government has

22  failed to produce evidence to indicate that a crime has taken place beyond Mr.

23  Marschall's own uncorroborated statements, the evidence presented in this case is

24  insufficient to sustain a conviction.

25

26

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

### B. Having failed to present tangible evidence of criminal conduct, the government makes this case about whether a misbranded drug statute can be violated solely through Mr. Marschall's speech.

A *malum prohibitum* act is one "that is a crime merely because it is prohibited by statute, although the act itself is not necessarily immoral." *Malum Prohibitum*, *Black's Law Dictionary* (11th ed. 2019). The government alleges in their indictment of Mr. Marschall that he introduced into interstate commerce a drug that was misbranded. 21 U.S.C. § 331(a). As this Court previously established, "Section 331(a) regulates the conduct of selling a drug in interstate commerce." *United States v. Marschall*, No. 3:20-CR-05270-RJB, 2020 WL 7625243, at *2 (W.D. Wash. Dec. 22, 2020). As this Court has recognized, the statute regulates conduct. However, "[w]here there is some evidence . . . that the purpose of the speaker or the tendency of his words are directed to ideas or consequences remote from the commission of the criminal act, a defense based on the First Amendment is a legitimate matter for the jury's consideration." *United States v. Freeman*, 761 F.2d 549, 551 (9th Cir. 1985). Shipping the product over interstate commerce is not the act because it is simply necessary to provide federal jurisdiction through congressional act over the product shipped. *United States v. Walsh*, 331 U.S. 432 (1947).

The gravamen of the government's case should be the contents of the pill bottles that Mr. Marschall shipped in interstate commerce. Again, however, the government has never opened the pill bottles or presented the jury with evidence that there was anything inside. What the government has put before the jury, however, is a mountain of evidence relating to Mr. Marschall's extrajudicial statements. The government suggests that a statute regulating the act of introducing misbranded drugs into interstate commerce can be used as the basis for a conviction not based on the alleged drugs themselves but solely on the basis of a defendant's speech. Thus, the government's

MOTION FOR A JUDGMENT OF ACQUITTAL
(*Richard Marschall*, CR20-5270RJB) - 5

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

entire case hinges on whether Mr. Marschall, in exercising his First Amendment rights, has committed a *malum prohibitum* offense.

### III.    CONCLUSION

Based on the foregoing, Richard Marschall, by his attorneys Assistant Federal Public Defenders Mohammad Hamoudi and Gregory Geist respectfully moves this Court for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a).

DATED this 4th day of August, 2021.

Respectfully submitted,

s/ *Mohammad Hamoudi*
s/ *Gregory Geist*
Assistant Federal Public Defenders
Attorney for Richard Marschall

MOTION FOR A JUDGMENT OF ACQUITTAL
(*Richard Marschall*, CR20-5270RJB) - 6

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**