1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

                        Plaintiff,

        v.

RICHARD MARSCHALL,

                        Defendant.

CASE NO. CR20-5270 BHS

ORDER

13   This matter comes before the Court on Plaintiff the United States of America's

14 ("The Government") Motion to Apply Law of the Case, Dkt. 198, Motion in Limine to

15 Admit Evidence of Defendant's Sales, Dkt. 222, and Motions for Leave to File

16 Overlength Briefs, Dkts. 197, 216, and Defendant Richard Marschall's Motion for

17 Miscellaneous Relief, Dkt. 206, Motion to Dismiss the Indictment for Vindictive

18 Prosecution, Dkt. 208, Motion for Transportation and Lodging Expenses, Dkt. 215, and

19 Motions for Leave to File Overlength Briefs, Dkts. 205, 228, 231. The Court has

20 considered the briefing filed in support of and in opposition to the motions and the

21 remainder of the file and rules as follows.

22

# I.   BACKGROUND

Richard Marschall is accused of Introduction of Misbranded Drugs into Interstate Commerce. *See* Dkt. 38 at 5. This case was previously assigned to the Honorable Robert J. Bryan. Judge Bryan presided over the first trial in this case which ended in a mistrial. Judge Bryan also ruled on several pre-trial motions, including Marschall's motion to compel, Dkts. 59, and his three motions to dismiss: (1) a motion to dismiss on First Amendment grounds, Dkt. 44; (2) a motion to dismiss based on the assertion that the products he sold were not "drugs," Dkt. 45; and (3) a motion to dismiss for failure to state a *mens rea* element, Dkt. 76. All four motions were denied. Dkts. 73, 87. Judge Bryan also ruled on motions in limine and jury instructions. Dkts. 107, 114, 147–151, 182. Following the mistrial, this case was reassigned to the undersigned. Dkt. 192.

The Government filed a motion requesting that this Court apply the law of the case doctrine to Judge Bryan's previous rulings on: (1) Marschall's motions to dismiss, Dkt. 87; (2) jury instructions on the elements of the crime, Dkt. 186; (3) two of the Government's motions in limine, Dkts. 147, 151; and (4) Marschall's motion to compel grand jury instructions, Dkt. 73. Dkt. 198. The Government also filed a motion in limine to admit evidence of Marschall's sales. Dkt. 222. Marschall filed a motion for miscellaneous relief, requesting that the Court: (1) dismiss the instant indictment; (2) include jury instructions on certain statutory definitions; and (3) sever or bifurcate the penalty provision or, alternatively, provide a limiting instruction. Dkt. 206. Marschall also filed a motion to dismiss for vindictive prosecution, Dkt. 208, and a motion for transportation and lodging expenses, Dkt. 215. Each motion is discussed in turn.

## II.  DISCUSSION

**A.   Law of the Case Doctrine**

Law of the case doctrine precludes a court from "reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation omitted). Those issues previously decided are considered law of the case. Law of the case is not binding on a district court if "(1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993).

**1.      Marschall's Motions to Dismiss**

The Government requests that the Court apply the law of the case doctrine to Judge Bryan's denial of Marschall's three motions to dismiss, Dkt. 87.[1] Not all of the issues in those motions have been reasserted by Marschall, and thus the Court finds it unnecessary to rule as to those issues. Moreover, motions to dismiss are frequently reasserted or reconsidered. *See, e.g.*, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1546 (2016). For those reasons, the Court addresses Marschall's new motions to dismiss separately below. The Government's motion to apply the law of the case to Marschall's motions to dismiss is therefore DENIED.

---

[1] The Government's motion for leave to file an overlength brief, Dkt. 197, is GRANTED.

1          **2.      Jury Instructions**

2          The Government requests that the Court apply the law of the case doctrine to

3  Judge Bryan's jury instructions, specifically Instructions 17 through 24. The Government

4  also moves the Court to apply the law of the case to Judge Bryan's refusal to adopt jury

5  instructions on strict liability, entrapment by estoppel, and the definitions of dietary

6  supplement and health claims. Dkt. 198 at 10–11. Marschall argues in his motion for

7  miscellaneous relief that he is entitled to jury instructions regarding the complete

8  definition of "drug" under 21 U.S.C. § 331, including the definition of "dietary

9  supplement" under 21 U.S.C. § 321(ff) and the regulatory definitions of the products at

10  issue. Dkt. 206 at 23. The Government responds that this is an attempt at jury

11  nullification. Dkt. 217 at 14.

12          A defendant is "entitled to have presented instructions relating to a theory of

13  defense for which there is any foundation in the evidence, even though the evidence may

14  be weak, insufficient, inconsistent, or of doubtful credibility." *United States v. Lemon*,

15  824 F.2d 763, 764 (9th Cir. 1987) (quoting *United States v. Hammons*, 566 F.2d 1301,

16  1302 (5th Cir. 1982)). "Failure to give instructions regarding a theory of defense is

17  reversible error if the theory is legally sound." *Id.*

18          Here, Marschall is entitled to jury instructions on the statutory definition of

19  "dietary supplement" and the full statutory definition of "drug" to support his defense

20  that the products he shipped were dietary supplements and not drugs. It was clearly

21  erroneous for the Court to reject such instructions in the previous trial. However,

22  Marschall is not entitled to a jury instruction on the regulatory definitions of the two

products at issue. These definitions relate to Marschall's argument that the Government should have pursued a regulatory action rather than a criminal one. Such a theory is not legally sound. For the same reason, the Government is not entitled to a jury instruction on strict liability, and Marschall is not entitled to a jury instruction on entrapment by estoppel. The remainder of Instructions 17 through 24 will be included absent further challenge by the parties.

Therefore, the Government's motion to apply the law of the case to Judge Bryan's jury instructions is GRANTED in part and DENIED in part, and Marschall's motion for jury instructions on statutory and regulatory definitions is GRANTED in part and DENIED in part.

### 3.    Motions in Limine

"[U]nder the law of the case doctrine as applied by this circuit it is clear error for a court upon retrial to reverse an identical evidentiary ruling made during the first trial, barring clear error or a change in circumstances." *United States v. Tham*, 960 F.2d 1391, 1397 (9th Cir. 1991) (citing *United States v. Estrada-Lucas*, 651 F.2d 1261, 1263–65 (9th Cir. 1980)).

The Government first asks the Court to apply the law of the case doctrine to Judge Bryan's order on the Government's motion in limine to exclude evidence and arguments seeking jury nullification, Dkt. 122. Dkt. 198 at 11–14. In that motion, the Government requested that the Court preclude Marschall from presenting evidence encouraging jury nullification, evidence relating to an alternative regulatory regime, and evidence regarding his First Amendment defense. Judge Bryan granted this motion. Dkt. 147. The

1    Court reviewed the motion, Marschall's response, Judge Bryan's order, and other

2    relevant filings. There is no clear error or a change in circumstances.

3         Moreover, the Court agrees with Judge Bryan's decision to preclude Marschall

4    from presenting evidence and arguments regarding these issues. Marschall's arguments

5    regarding jury nullification and an alternative regulatory action are not legally sound.

6    Further, Marschall's First Amendment arguments have already been rejected by the

7    Court, and the jury is not qualified to make legal determinations such as whether the

8    statute at issue is overbroad under the First Amendment. Therefore, the Government's

9    motion to apply the law of the case to Judge Bryan's decision to exclude the evidence

10   described above is GRANTED.

11        The Government next asks the Court to apply the law of the case doctrine to Judge

12   Bryan's order on the Government's motion in limine to exclude Marschall's "entrapment

13   by estoppel" defense and testimony from current and former government employees, Dkt.

14   136. Dkt. 198 at 11–14. In that motion, the Government requested that the Court preclude

15   Marschall from presenting any evidence regarding his entrapment by estoppel defense or

16   require him to make a pretrial showing of proof on that defense. Dkt. 136. The

17   Government also requested that Marschall be precluded from calling any current and

18   former Assistant U.S. Attorneys as witnesses. *Id.* Judge Bryan granted the motion in part,

19   disallowing evidence of what occurred in the two separate prosecutions. Dkt. 151. The

20   Court has reviewed the motion, Marschall's response, Judge Bryan's order, and other

21   relevant fillings. There is no clear error or a change in circumstances.

22

ORDER - 6

The Court again agrees with Judge Bryan's decision to preclude Marschall from presenting evidence of what occurred in the prior two prosecutions. Such evidence is not relevant to this case beyond establishing that Marschall has previously been convicted under the same statutory scheme to establish that element of the crime. Therefore, the Government's motion to apply the law of the case to Judge Bryan's decision to exclude evidence regarding the two separate prosecutions is GRANTED.

### 4.      Motion to Compel

The Government requests the Court to apply the law of the case as to Marschall's previously filed motion to compel, Dkt. 59. Dkt. 198. There, Marschall sought to compel the Government to produce the grand jury instructions for the purpose of determining what the grand jury was instructed on in relation to *mens rea*. Dkt. 59. Marschall did not renew the same motion to compel in his motion for miscellaneous relief. Dkt. 206 at 16. Rather he asks the Court to look at the grand jury instructions to determine whether they contain the requested definitions. *Id.* Marschall's new motion is addressed below. The Court reviewed the previous motion, response, and order and there is no reason not to apply the law of the case to this issue. Therefore, the Government's motion to apply the law of the case to Marschall's previous motion to compel is GRANTED.

## B.      Motion for Miscellaneous Relief

Marschall moves for miscellaneous relief that both responds to the Government's motion to apply the law of the case and includes his own new motions.[2] Dkt. 206. Within

---

[2] Marschall's motions for leave to file overlength briefs, Dkts. 205, 228, are GRANTED.

his motion for miscellaneous relief, Marschall requests that the Court dismiss the instant

indictment for various reasons, to include jury instructions on statutory definitions

relevant to this case, and to sever or bifurcate the penalty provision or, alternatively, to

provide a limiting instruction. *Id.* Marschall's requests are addressed in turn.

**1.      Motion to Dismiss Indictment for Failure to State an Offense**

Marschall argues that the indictment is flawed because "§ 321(g)(1) expressly

states that certain material may not be the sole basis for determining whether an item is

intended for use in the specified manner." Dkt. 206 at 14. The Government responds that

Judge Bryan previously denied the same argument. Dkt. 217 at 9 (citing Dkt. 87). The

Court agrees that Marschall's argument in this motion is the same as that which Judge

Bryan already addressed and denied. *Compare* Dkt. 87 at 4 *with* Dkt. 206 at 14–15.

Marschall's assertion about the Government not opening the containers prior to trial does

not change this analysis. Therefore, the Court agrees with Judge Bryan's previous ruling.

Marschall also argues that the indictment is flawed because "it does not define

'dietary supplement'"[3] and because it does not clearly allege "structure function claims"

and "health claims" are permissible under the law. Dkt. 206 at 15. In support of the latter

claims, Marschall cites to provisions relating to a regulatory regime. The Government

enjoys prosecutorial discretion and can choose not to pursue an administrative action

absent a regime requiring it. Thus, statutory provisions relating to the regulation of

dietary supplements are not essential elements of the offense that must be included in the

---

[3] This claim is repeated in Marschall's vagueness argument and is addressed below.

1   indictment.[4] Therefore, Marschall's motion to dismiss for failure to state a claim is

2   DENIED.

3          Marschall also moves for the Court to review the grand jury instructions to

4   determine whether the grand jury received definitions of "dietary supplement,"

5   "arabinogalactans," and "garlic and its derivatives." Dkt. 206 at 15–16. His main

6   argument in support of production is that his indictment is "unprecedented." *Id.* at 16. A

7   defendant must show a particularized need for the production of grand jury proceedings.

8   *Dennis v. United States*, 384 U.S. 855, 879 (1966). Marschall has not shown a

9   "particularized need" for the grand jury instructions. The "unprecedented" nature of his

10  indictment goes toward the sufficiency of the indictment itself, not the procedure

11  followed in front of the grand jury. Therefore, Marschall's motion for the Court to review

12  the grand jury instructions is DENIED.

13         **2.      Motion to Dismiss Indictment for Vagueness**

14         Marschall argues that the indictment violates the Fifth Amendment as vague

15  because "it reaches religious activities, the shipment of foods like garlic over state lines,

16  and, as argued by the government at trial, the shipment of items like chicken soup." Dkt.

17  206 at 16–17. The Government responds that this argument appears to actually challenge

18  the Food, Drug, and Cosmetic Act itself. Dkt. 217 at 13–14. Further, the Government

19  argues that the statute is not void for vagueness because it provides proper notice. *Id.* at

20

21         [4] Marschall also appears to raise a separate argument in his reply that the Government
    had the duty to reach out to him prior to initiating an enforcement action. Dkt. 220 at 9. This is
22  DENIED for the same reasons regarding prosecutorial discretion.

13–14. In his reply, Marschall clarifies that he is arguing that the indictment is vague because it fails to allege whether the products he sold are "drugs," "dietary supplements," "foods," or something else and because the words "dietary supplement," "health claims," "structure function claims," "Arabinogalactans," and "Garlic and its derivatives" were not defined. Dkt. 220 at 12.

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Here, the indictment contains the elements of the offense and provides a citation to the relevant statutes. Dkt. 38 at 5. As explained above, the definitions mentioned by Marschall are not elements of the offense. Further, the indictment provides sufficient information such that Marschall could understand his charges and the conduct that led to those charges. *See generally* Dkt. 38. Therefore, Marschall's motion to dismiss the indictment for vagueness is DENIED.

**3.      Motion to Dismiss the Allegation that Marschall Misbranded Drugs Because He was Listed as "N.D."**

Marschall argues that this Court lacks jurisdiction because "the government has taken over the role designated by statute to the Washington Board of Health to determine whether Mr. Marschall is practicing naturopathic medicine without a license." Dkt. 206 at 20. The indictment states that it may show the products were misbranded by showing "the labeling was false and misleading . . . in that it suggested that RICHARD

MARSCHALL was a naturopathic doctor by listing him as 'Rick Marschall N.D.'" Dkt. 38 at 5. The Government is not seeking to have the jury or the Court determine whether Marschall was unlawfully practicing naturopathic medicine, but rather whether his use of "N.D." was false and misleading. There is no dispute that Marschall is no longer licensed. Marschall may still present the same defense as it did in the first trial and argue that his use of "N.D." was not misleading.

Marschall also argues that the allegation in the indictment that he suggested he was a naturopathic doctor violates the Fifth Amendment as vague because the word "suggested" lacks specificity to place a person on notice as to what is prohibited under the statute. Dkt. 206 at 21. But the indictment is specific in this regard. The indictment explains how it was "suggested": "the labeling was false and misleading in some particular, in violation of 21 U.S.C. § 352(a), in that it suggested that RICHARD MARSCHALL was a naturopathic doctor *by listing him as 'Rick Marschall N.D.'*" Dkt. 38 at 5 (emphasis added). Therefore, Marschall's motion to dismiss the allegation that he misbranded drugs by listing himself as N.D. is DENIED.

### 4. Motion to Dismiss Indictment Because it is a Speech-Based Prosecution

Marschall argues that it became clear at the first trial that the Government is prosecuting him solely for his speech rather than his conduct. Dkt. 206 at 23–24. He attempts to distinguish cases where speech is used as evidence to prove unlawful conduct from this case, where he asserts his speech alone is the basis of the prosecution. *Id.* In other words, Marschall claims that he is being charged simply for his representations that

the Dynamic Duo could treat COVID-19 because the products themselves could be sold and possessed lawfully.

Marschall tries to distinguish *Whitaker v. Thompson*, 353 F.3d 947 (D.C. Cir. 2004), and *Wisconsin v. Mitchell*, 508 U.S. 476 (1993), but it is unclear how those cases are fundamentally different from this case. The Government explains that Marschall's representations "about the Dynamic Duo [are] evidence of the charged conduct, and are not the prohibited conduct itself." Dkt. 217 at 18. The Court agrees, as did Judge Bryan in his previous order. *See* Dkt. 87 at 3 ("In short, the statute regulates conduct, and the challenged speech is being used as evidence of that prohibited conduct."). As happens in nearly every criminal prosecution, speech can be used as evidence. That is the approach taken by the Government here. Therefore, Marschall's motion to dismiss the indictment for being a speech-based prosecution is DENIED.

**5.     Motion to Sever or Bifurcate the Penalty Provision or Provide a Limiting Instruction**

Marschall asks the Court sever or bifurcate the "penalty provision" in this case or, in the alternative, to provide a limiting instruction as to the introduction of his prior convictions. Dkt. 206 at 25–28. Specifically, Marschall asks the Court to bifurcate the introduction of his prior convictions, which is necessary to prove that Marschall has a prior conviction under 21 U.S.C. §§ 331, 333. *Id.* Marschall also requests that the Court order the Government to provide the PowerPoint it used during its closing argument. *Id.* at 26.

1    The Government first argues that Judge Bryan's decision not to bifurcate the trial

2    is law of the case. The few courts who have considered law of the case in relation to

3    bifurcation agree that law of the case does not apply to bifurcation decisions. *See North v.*

4    *Ford Motor Company*, No. 2:00-CV-958 TS, 2007 WL 391578, *1 (D. Utah Feb. 1,

5    2007); *United States v. Acquest Wehrle LLC*, No. 09-CV-000637C(F), 2010 WL

6    3788050, at *4 (W.D.N.Y. Sept. 23, 2010); *City of Almaty, Kazkhstan v. Ablyazov*, 1:15-

7    CV-05345 (AJN) (KHP), 2019 WL 11662228, at *1 (S.D.N.Y. Oct. 24, 2019).

8    The Government's second argument—that the prior convictions constitute an

9    element of the crime—is more persuasive. Other courts have considered the *mens rea*

10   component to be an element of the crime, and the Court sees no reason to treat the prior

11   convictions component in a different way given the fact that the two components are

12   featured in the same part of the statute and have the same effect. Further, the Court

13   concludes that a limiting instruction would be sufficient. However, introduction of only

14   one of Marschall's prior convictions appears necessary to satisfy this element of the

15   crime and thus only one conviction need be admitted. Therefore, Marschall's motion to

16   bifurcate the trial is DENIED. The inclusion and language of a limiting instruction will

17   be further considered.

18   Marschall also requests the Court to order the Government to disclose the

19   PowerPoint it used in its closing argument, claiming that the Government "weaponized"

20   Judge Bryan's limiting instruction. The Government argues that it did not reference his

21   prior convictions but rather his business. Dkt. 217 at 24. The Court sees no reason why

22   the Government should not disclose the PowerPoint it used in closing. This was a public

1   trial, and Marschall is entitled to effectively prepare for his second trial. The Government

2   has provided no reason why the PowerPoint should not be disclosed. Therefore,

3   Marschall's motion to compel the Government's closing argument PowerPoint

4   presentation is GRANTED.

5   **C.      Motion to Dismiss Indictment for Vindictive Prosecution**

6          Marschall moves to dismiss the indictment for vindictive prosecution, arguing that

7   the Government engaged in vindictive prosecution because it brought an indictment that

8   Marschall describes as prosecuting him for engaging in free speech activities.[5] Dkt. 208.

9   Marschall argues that the Government could have sent him a letter with a request for

10  more information, but instead the Government chose to pursue a prosecution that puts

11  everyone at risk as it is taking place during the COVID-19 pandemic. *Id.* Marschall

12  further argues that the Government singled him out while others engage in similar

13  conversations about food and ship food supplements through the mail. *Id.*

14         Prosecutorial vindictiveness may be established by "producing direct evidence of

15  the prosecutor's punitive motivation." *United States v. Jenkins*, 504 F.3d 694, 699 (9th

16  Cir. 2007. If direct evidence is unavailable, "evidence indicating a realistic or reasonable

17  likelihood of vindictiveness may give rise to a presumption of vindictiveness on the

18  government's part." *United States v. Montoya*, 45 F.3d 1286, 1299 (9th Cir. 1995)

19  (quoting *United States v. Garza-Juarez*, 992 F.2d 896, 906 (9th Cir. 1993)).

20

21

22         [5] Marschall's motion for leave to file overlength brief, Dkt. 231, is GRANTED.

1    Here, Marschall has not provided any direct evidence of the Government's

2    vindictiveness. Marschall argues that the Government was vindictive when the FDA

3    agent contacted him to "get him to send her something or anything, in the mail and across

4    state lines." Dkt. 208 at 4. But the Government was led to Marschall's activity involving

5    the "Dynamic Duo" via tips from the public and proceeded to investigate those tips using

6    regular investigative techniques. The Government frequently investigates the sale of

7    illicit material by having an undercover agent request to purchase the material. *See*

8    *Jacobson v. United States*, 503 U.S. 540, 549 ("[A]n agent deployed to stop the traffic in

9    illegal drugs may offer the opportunity to buy or sell drugs and, if the offer is accepted,

10   make an arrest on the spot or later."); *cf.* Model Crim. Jury Instr. 9th Cir. 6.2 (2021) ("it

11   is not entrapment if government agents merely provide an opportunity to commit the

12   crime.") There is no fundamental difference in the investigative techniques conducted in

13   this case.

14   Marschall has also not established a presumption of vindictiveness on the part of

15   the Government. He first argues that the Government could have sent him a letter with a

16   request for information, but it instead filed an indictment. Despite this assertion,

17   Marschall was not entitled to a warning letter prior to being indicted for engaging in

18   conduct that the Government asserts was illegal. As has been explained, the Government

19   enjoys prosecutorial discretion. Absent some statutory requirement, the Government is

20   not required to pursue a civil or regulatory action prior to filing criminal charges.

21   Marschall also argues that this prosecution is essentially an attempt to chill

22   Marschall's speech and will result in chilling the speech of other naturopaths and others

discussing food and its potential health benefits. Dkt. 208 at 5. There is no evidence suggesting that the Government filed these charges for any improper reason, including purposely violating Marschall's constitutional rights. Therefore, Marschall's motion to dismiss for vindictive prosecution is DENIED.

**D.    Motion in Limine to Admit Evidence of Defendant's Sales**

The Government moves for the Court to admit evidence of Marschall's sales, specifically certain bank records, credit card records, and invoices for the Dynamic Duo. Dkt. 222. The Government argues that the evidence should not be excluded under Federal Rule of Evidence 404(b) both because it does not fall under that rule and because it is inextricably intertwined with the charged conduct. Dkt. 222 at 7–8.

Under Federal Rule of Evidence 404(b)(1), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But such evidence is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evi. 404(b)(2).

The Court agrees that the proposed evidence is, to some extent, inextricably intertwined with the charged conduct given it goes to an element of the charged offense. The evidence also appears to fall under multiple exceptions to Rule 404(b), and thus it can be offered to prove motive, intent, and absence of mistake. Therefore, the Government's motion in limine to admit evidence of Marschall's sales is GRANTED.[6]

---

[6] The Government also raises the issue of the authenticity of the sales records. The Court will address this issue at the Pre-Trial Conference.

**E.      Motion for Defendant Transportation and Lodging Expenses**

On October 5, 2021, Marschall filed a motion for transportation and lodging expenses. Dkt. 215. This Court ordered Marschall to file an updated financial affidavit by 12:00 pm on October 8, 2021. Dkt. 218. Marschall has not filed any updated financial affidavit. Therefore, Marschall's motion for transportation and lodging expenses is DENIED without prejudice.

### III.  ORDER

Therefore, it is **ORDERED** that:

(1)     Plaintiff's Motions for Leave to File Overlength Briefs, Dkts. 197, 216, are **GRANTED**;

(2)     Plaintiff's Motion to Apply Law of the Case, Dkt. 198, is **GRANTED in part** and **DENIED in part;**

(3)     Defendant's Motions for Leave to File Overlength Briefs, Dkts. 205, 228, 231, are **GRANTED**;

(4)     Defendant's Motion for Miscellaneous Relief, Dkt. 206, is **GRANTED in part** and **DENIED in part**;

(5)     Defendant's Motion to Dismiss Indictment for Vindictive Prosecution, Dkt. 208, is **DENIED**;

(6)     Plaintiff's Motion in Limine to Admit Evidence of Defendant's Sales, Dkt. 222, is **GRANTED**; and

\
\

(7)     Defendant's Motion for Transportation and Lodging Expenses, Dkt. 215, is

        **DENIED without prejudice**.

Dated this 13th day of October, 2021.

_____
BENJAMIN H. SETTLE
United States District Judge