UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD MARSCHALL,<br><br>　　　　　　　Defendant. | CASE NO. CR20-5270 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL OR NEW TRIAL |

This matter comes before the Court on Defendant Richard Marschall's Motion for Judgment of Acquittal or for New Trial, Dkt. 271. The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and denies the motion for the reasons stated below.

**I. BACKGROUND**

Marschall was indicted on one count of Introduction of Misbranded Drugs into Interstate Commerce in violation of 21 U.S.C. §§ 331(a) and 333(a)(2). Dkt. 38. The Government alleged that Marschall, after having his naturopathic physician license revoked following a previous conviction of introducing misbranded drugs, advertised and sold a combination of two substances he dubbed the "Dynamic Duo" as a cure for serious

diseases such as MRSA and COVID-19. *Id.* The two substances that made up the Dynamic Duo were Allimed (garlic extract) and IAG Arabinogalactans (larch tree starch). *Id.* It was undisputed that Marschall advertised and sold the Dynamic Duo, but the parties disagreed as to whether the product was a "drug" under the legal definition and whether the product was mislabeled. *See, e.g.*, Dkt. 45. Marschall also challenged the constitutionality of the statute under which he was charged. *See, e.g.*, Dkt. 44.

This case was initially assigned to the Honorable Robert J. Bryan but was reassigned to the undersigned after Marschall's first trial ended in a mistrial. *See* Dkts. 185, 192. The jury found Marschall guilty of the sole count at his second trial. Dkt. 257.

Marschall now moves for a judgment of acquittal or, in the alternative, a new trial.[1] Dkt. 271. He argues that the Court erred by failing to give his requested jury instructions and that this was a speech-based prosecution that violates the *corpus delicti* doctrine. *Id.* The Government opposes the motion, arguing that the Court properly excluded Marschall's requested jury instructions because they were irrelevant and would only have confused the jury and that Marschall's conduct, not his speech, was the basis for his prosecution. Dkt. 273.

## II. DISCUSSION

**A.  Legal Standard**

"A judgment of acquittal is improper if, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the defendant guilty

---

[1] Marschall's motion for leave to file overlength motions and briefs, Dkt. 272, is GRANTED.

ORDER - 2

beyond a reasonable doubt." *United States v. Ching Tang Lo*, 447 F.3d 1212, 1221 (9th Cir. 2006) (quoting *United States v. Alston*, 974 F.2d 1206, 1210 (9th Cir. 1992)); *see also* Fed. R. Crim. P. 29(c). "There is sufficient evidence to support a conviction if, 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Moreland*, 622 F.3d 1147, 1168 (9th Cir. 2010) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). Alternatively, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

**B.      Jury Instructions**

Marschall argues that the Court erred in failing to instruct the jury on the entire statutory definition "drug," and the definitions of "health claim, and "structure/function claim." Dkt. 271 at 9–13. He argues that his constitutional right to a fair trial was violated and that therefore a new trial is in the interest of justice. *Id.* The Government argues that the statutory definition of "drug" is disjunctive in that there are multiple types of articles that can separately meet the definition of "drug." Dkt. 273 at 7 (quoting *United States v. Generix Drug Corp.*, 460 U.S. 453, 459 (1983)). The Government contends that the Court's instruction to the jury regarding the definition of "drug" properly included the definition of "drug" the Government sought to prove at trial. *Id.* The Government also argues that the Court properly excluded the definitions of "health claim" and "structure/function claim" because they were irrelevant. *Id.* at 7–10.

The Court agrees with the Government. The entire definition of "drug" is long (almost 200 words), convoluted, and describes multiple things that could constitute drugs. 21 U.S.C. § 321(g)(1); *see also Generix Drug Corp.*, 460 U.S. at 459 ("the definition is disjunctive"). In deciding whether to provide a jury instruction, the Court must consider "whether the proposed instruction is relevant to the issues presented or would unduly confuse the jury." *United States v. Heredia*, 483 F.3d 913, 921 (9th Cir. 2007). The Government sought to prove that the Dynamic Duo was a drug under the section of the statutory definition providing that a drug is an article "intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease . . . ." 21 U.S.C. § 321(g)(1); *see also* Dkt. 273 at 6. The rest of the definition, along with the definitions of "health claim" and "structure/function claim," was irrelevant and would have only served to confuse the jury.

**C.    *Corpus Delicti***

Marschall argues that the Government's case relied only on uncorroborated confessions thereby violating the *corpus delicti* doctrine. Dkt. 271 at 13–15. He argues that by pointing to his extrajudicial statements touting the curative properties of the Dynamic Duo, the Government prosecuted him based solely on his speech. *Id.* The Government argues that the doctrine is inapplicable because Marschall engaged in actual conduct—marketing and shipping the Dynamic Duo—and his purported "uncorroborated confessions" were made before the offense was committed. Dkt. 273 at 10–14.

The Court again agrees with the Government. "The *corpus delicti* doctrine requires that a conviction must rest on more than a defendant's uncorroborated

confession." *United States v. Niebla-Torres*, 847 F.3d 1049, 1054 (9th Cir. 2017) (internal citation omitted). "The doctrine's purpose is to protect against the risk of convictions based on false confessions alone." *Id.* (internal citation omitted). This was not a prosecution based on Marschall's "uncorroborated confession." Rather, the jury found that Marschall *physically introduced* a misbranded drug into interstate commerce. The fact that the Government used statements made by Marschall as evidence of his intent to market the Dynamic Duo as a drug did not transform this into a prosecution based on speech.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendant Richard Marschall's Motion for Judgment of Acquittal or for New Trial, Dkt. 271, is **DENIED** and his Motion to File Overlength Motions and Briefs, Dkt. 272, is **GRANTED**.

Dated this 9th day of March, 2022.

BENJAMIN H. SETTLE
United States District Judge